**SIDNEY M. GLASSER, Petitioner**

v.

**REUBEN B. WHEATLEY, COMMISSIONER OF FINANCE GOVERNMENT OF THE VIRGIN INSLANDS,**

Respondent

Civil No. 167-1972

District Court of the Virgin Islands

Div. of St. Croix

February 12, 1975

WARNER ALEXANDER, ESQ., Christiansted, St. Croix, V.I., *for petitioner*

GORDON S. GILMAN, ESQ., Assistant Attorney General, St. Thomas, V.I., *for respondent*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND JUDGMENT

This case presents the question whether the provisions of Section 1034(a) of the Internal Revenue Code apply separately to the gains realized by a man and woman from the sale of the residence which was their home before they were divorced. In this case, the former husband, Sidney M. Glasser, purchased within three months of the sale of the former marital residence a separate replacement residence for himself. Two other matters were raised in the taxpayer's Petition for Redetermination of a Deficiency as errors in the Commissioner of Finance's deficiency assessment, but the Government concedes error on one matter and petitioner concedes error on the other.

Sidney Glasser was divorced from his wife, and as part of the divorce settlement, the marital residence and its furnishings were sold in 1969 with each party receiving one-half of the proceeds. The Glassers' adjusted basis in the property was $41,750 and the sale netted $49,431.00 for a long term gain of $7,681.00. In Sidney Glasser's 1969 Federal income tax return, he reported one-half of the proceeds from the sale of the marital residence as long-term capital gain and claimed the deferral benefits of Section 1034 of the Code, 26 U.S.C. § 1034.

The general rule of § 1034 is stated in subsection (a):

"If the property (in this section called 'old residence') used by the taxpayer as his principal residence is sold by him after December 31, 1953, and within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called 'new residence') is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence."

This section requires that legal title to the new residence be taken in the name of the taxpayer. Marcello v. Commis-

sioner of Internal Revenue, 380 F.2d 499 (5th Cir. 1967). An exception to the title requirement is made for married persons in § 1034(g). A husband and wife may be treated as a single entity for § 1034 purposes so that regardless of which spouse owns the old residence which is sold or which one buys the new residence, any gain on the sale will not be recognized if the requirements of Section 1034 are met. But the spouses must file consents to a corresponding adjustment of basis.

The Government relies on subsection (g) to deny petitioner the benefit of § 1034(a). They argue that a taxpayer who is divorced, sells the marital residence, and buys a separate residence cannot meet the requirements of § 1034(g) since the former spouse will not be filing a consent to the adjustment of basis in the new residence. I think this is a misinterpretation of § 1034(g). Subsection (g) only applies if there is a marriage at the time of the purchase of the new residence. Even if the parties were married at the time of purchase but no consent was filed, subsection (g) provides, in its last sentence, that recognition or deferral of gain is to be determined by the general rule of § 1034:

"In case the taxpayer and his spouse do not consent to the application of paragraph (2) of this subsection then the recognition of gain on the sale of the old residence shall be determined under this section without regard to the rules provided in this subsection."

In Revenue Ruling 74-250, the I.R.S. ruled that the nonrecognition provision of Section 1034(a) of the Code apply separately to the gains realized by a husband and wife from the sale of their principal residence where they have agreed to live apart and each purchased and occupied a separate replacement residence. IRB 1974-21, 16, 9; CCH 1974 Stan. Fed. Tax ¶ 6660 (1974). The fact that petitioner is divorced in the present case rather than separated from his spouse is not a significant distinction. Therefore,

petitioner correctly deferred recognizing the long-term capital gain realized on the sale of his residence.

Two other matters were raised by the Commissioner in his deficiency assessment. The Commissioner included the sum of $232.63, representing long-term capital gain on the sale of furniture and other furnishings, in petitioner's 1969 income. The Commissioner concedes that this gain is properly attributable to petitioner's wife. The Commissioner also included $125.00 in petitioner's 1969 income which represents disallowance of a deduction for sales taxes paid. Petitioner concedes on this issue. The resulting increase in petitioner's taxes for 1969 is $22.59.

JUDGMENT

For the reasons stated in the foregoing Memorandum Opinion, it is hereby

ORDERED, DECREED and ADJUDGED that the deficiency assessed by the Commissioner of finance of the Virgin Islands upon petitioner with regard to his income for the taxable year 1969 be reduced to $22.59. Each party shall bear their own costs of this action.